UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

LARRY ALONZO HILL,

    Plaintiff,

v.                                          **JURY TRIAL DEMANDED**

OJNA, LLC, a Florida limited
liability company d/b/a RELAX INN;
JANU OM, INC., a Florida corporation d/b/a
LAKE SEMINOLE INN; and HASU
RAMANBHAI BHAKTA an individual a/k/a
HARRY BHAKTA,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, LARRY ALONZO HILL, ("HILL"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, OJNA, LLC, a Florida limited liability company d/b/a RELAX INN (hereinafter "RELAX"); JANU OM, INC., a Florida corporation d/b/a LAKE SEMINOLE INN (hereinafter, "SEMINOLE"), and HASU RAMANBHAI BHAKTA, an individual a/k/a HARRY BHAKTA (hereinafter "BHAKTA")(collectively, "the Defendants"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the Defendants, RELAX and SEMINOLE were enterprises engaged in interstate commerce, respectively. At all times pertinent to this Complaint, RELAX and SEMINOLE regularly owned and operated a business enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated motels and apartments, which operated as a single unified business enterprise. Plaintiff's work at these motels involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, telephones, credit card processing equipment, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

4. During the relevant time period, Defendants employed at least two other individuals besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

5.   During the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

6.   In addition to the foregoing, the Plaintiff is entitled to the protections of the FLSA as he was "individually covered" by that statute.  During the Plaintiff's employment, he was required to use instrumentalities of interstate commerce on a regular and recurrent basis.  The Plaintiff used instrumentalities of interstate commerce (telephone) on a regular and recurrent basis to, *inter alia,* assist in the operating of the Defendants' motel, particularly as to motel guests residing out-of-state.  In addition, on a regular and recurrent basis, Plaintiff processed credit card payments for the Defendants using instrumentalities of interstate commerce to make calls (*via* telephone and/or broadband) to banks and credit card processors outside the State of Florida.

7.   The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

8.   The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern of Florida.

## VENUE

9.   The venue of this Court over this controversy is based upon the following:

    a.   The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida and,

    b.   Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

10. At all times material hereto, Plaintiff, HILL was a resident of Chattahoochee, Gadsden County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

11. At all times material hereto, the Defendants were conducting business in both Chattahoochee, Gadsden County, Florida, as well as Sneads, Jackson County, Florida.

12. At all times material hereto, Defendants were the employers of Plaintiff, HILL.

13. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution.

14. At all times material hereto, Defendants failed to pay Plaintiff, HILL wages in conformance with the FLSA.

15. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

16. At all times material hereto, corporate Defendants, RELAX and SEMINOLE were "enterprise[s] engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. Commencing on or about April 15, 2017, Plaintiff, HILL was hired by the Defendants to work at the Defendants' motels. His employment continues to date.

20. Plaintiff, HILL was not paid wages for each hour of his work.

21. The Defendants failed to keep records in compliance with the FLSA's recordkeeping requirements.

22. The Plaintiff did not receive weekly wages even though he performed work at the Defendants' motels.

23. By virtue of receiving nothing, he received compensation below the applicable State and federal minimum wage.

24. The Plaintiff generally worked about 7 days per week, and about 18 hours per day (about 126 hours per week).

25. The Plaintiff worked significant hours because he was involved in nearly every aspect of running the Defendants' motels, including but not limited to, managing the motels, working the front desk/office, handling reservations, checking guests in/out, housekeeping, maintenance, cleaning, landscaping, repairs, taking payments, processing credit card transactions, making/receiving telephone calls, assisting guests at all times of day and handling customer complaints.

26. Plaintiff's work day frequently began around 6:00 a.m. and would last late into the night (and often, he would perform work in the middle of the night).

27. The Plaintiff stayed in a small room at the Defendants' motel so he could respond to motel guest issues at all times of day/night.

28. During Plaintiff, HILL's employment, Defendants failed to pay the Plaintiff at or above the applicable minimum wage for his hours worked.

29. Even though, Plaintiff, HILL worked in excess of forty hours per week, Defendants failed to pay him at the rate of time-and-one-half times the applicable minimum wage.

30. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with the applicable law.

31. Defendant BHAKTA was a supervisor and manager/owner who was involved in the day-to-day operations of RELAX and SEMINOLE and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

32. Defendants, BHAKTA was directly involved in decisions affecting employee compensation (and the lack thereof) and/or hours worked by Plaintiff.

33. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

34. Plaintiff, HILL realleges Paragraphs 1 through 33 as if fully stated herein.

35. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

36. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

37. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

38. As set forth above, the Plaintiff worked about 86 hours of overtime (hours in excess of 40) per week throughout his employment.

39. For 2017, Plaintiff is owed an additional overtime premium (above and beyond the full minimum wage demanded above) of $4.05 per overtime hour.

40. For 2018, Plaintiff is owed an additional overtime premium (above and beyond the full minimum wage) of $4.13 per overtime hour.

41. In 2019, Plaintiff, HILL is owed an additional overtime premium (above and beyond the full minimum wage) of $4.23 per overtime hour.

42. In 2017, over about 32 weeks, HILL is owed $11,145.60 in unpaid overtime ($4.05 x 2,752 overtime hours = $11,145.60).

43. In 2018, over about 50 weeks, HILL is owed $17,759.00 in unpaid overtime ($4.13 x 4,300 overtime hours = $17,759.00).

44. In 2019, over about 35 weeks, HILL is owed $12,732.30 in unpaid overtime ($4.23 x 3,010 overtime hours = $12,732.30).

45. *Excluding* amounts owed for minimum wages as set forth in this Complaint, altogether, HILL is owed $41,636.90 in unpaid overtime wages.

46. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated ($41,636.90);

c. Awarding Plaintiff liquidated damages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

49. Plaintiff realleges Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

50. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

51. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

52. During Plaintiff's employment, Defendants paid his less than the statutory minimum wage for all of his work hours (Plaintiff did not receive wages for his work).

53. From about April 15, 2017 to December 31, 2017, (about 32 weeks), Plaintiff was entitled to the applicable minimum wage of $8.10 per hour.  In each week, he should have been paid minimum wages of $1,020.60 ($8.10 x 126 hours).  For 2017, Plaintiff is owed minimum wages for about 4,032 hours (126 hours x 32 weeks) and is owed about $32,659.20 (4,032 hours x $8.10).

54. From January 1, 2018 to about December 31, 2018 (about 50 weeks), Plaintiff was entitled to the applicable minimum wage of $8.25 per hour. In each week, he should have been paid minimum wages of $1,039.50. Therefore, in 2018, Plaintiff is owed minimum wages for about 6,300 hours (126 hours x 50 weeks) and is owed $1,039.50 x 50 weeks = $51,975.00.

55. From January 1, 2019 to September 6, 2019 (about 35 weeks), Plaintiff was entitled to the applicable Florida minimum wage of $8.46 per hour. In each week, Plaintiff should have been paid minimum wages of $1,065.96. Therefore, in 2019, The Plaintiff is owed minimum wages for about 4,410 hours (126 hours x 35 weeks) and is owed $1,065.96 x 35 weeks = $37,308.60.

56. As the Plaintiff is currently employed by the Defendants, to the extent that the Defendants' wage violations continue beyond today's date, Plaintiff will seek $1,065.96 for each week he is forced to work under the aforementioned unlawful conditions.

57. Taking everything above together, during the time period of the Plaintiff's employment, Defendants failed to pay him minimum wages for a total of approximately 14,742 hours.

58. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

59. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

    WHEREFORE, Plaintiff respectfully requests:

    a.    judgment in his favor for all unpaid minimum wages due for 2017 through 2019 as calculated above;

    b.    liquidated damages;

    c.    attorneys' fees and costs pursuant to the FLSA;

    d.    post-judgment interest; and

e.	all other and further relief this Court deems to be just and proper.

## COUNT III

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

60. Plaintiff, HILL realleges Paragraphs 1 through 33 as if fully stated herein.

61. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

62. During Plaintiff's employment, Defendants paid his less than the statutory minimum wage for all of his work hours (Plaintiff did not receive wages for his work).

63. From about April 15, 2017 to December 31, 2017, (about 32 weeks), Plaintiff was entitled to the applicable Florida minimum wage of $8.10 per hour.  In each week, he should have been paid minimum wages of $1,020.60 ($8.10 x 126 hours).  For 2017, Plaintiff is owed minimum wages for about 4,032 hours (126 hours x 32 weeks) and is owed $32,659.20 (4,032 hours x $8.10).

64. From January 1, 2018 to about December 31, 2018 (about 50 weeks), Plaintiff was entitled to the applicable Florida minimum wage of $8.25 per hour.  In each week, he should have been paid minimum wages of $1,039.50. Therefore, in 2018, Plaintiff is owed minimum wages for about 6,300 hours (126 hours x 50 weeks) and is owed $1,039.50 x 50 weeks = $51,975.00.

65. From January 1, 2019 to September 6, 2019 (about 35 weeks), Plaintiff was entitled to the applicable Florida minimum wage of $8.46 per hour.  In each week, Plaintiff should have been paid minimum wages of $1,065.96.   Therefore, in 2019, The Plaintiff is owed minimum wages for about 4,410 hours (126 hours x 35 weeks) and is owed $1,065.96 x 35 weeks = $37,308.60.

66. To the extent that the Defendants' wage violations continue beyond today's date, Plaintiff will seek $1,065.96 for each week he is forced to work under the aforementioned unlawful conditions.

67. Taking everything above together, during the time period of the Plaintiff's employment, Defendants failed to pay him minimum wages for a total of approximately 14,742 hours.

68. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.    Awarding Plaintiff all back wages due and owing in the amount calculated above;

    c.    Awarding Plaintiff liquidated damages in the amount equal to his back wages;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e.    Awarding Plaintiff prejudgment and post-judgment interest;

    f.    Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such violation;

    g.    declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

    h.    Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date:  September 23, 2019.

                                      Respectfully submitted,

                                      BOBER & BOBER, P.A.
                                      Attorneys for Plaintiff
                                      2699 Stirling Road
                                      Suite A-304
                                      Hollywood, FL 33312
                                      Phone: (954) 922-2298
                                      Fax: (954) 922-5455
                                      peter@boberlaw.com
                                      samara@boberlaw.com

By:    s/.  Peter Bober
            PETER BOBER
            FBN:  0122955
            SAMARA ROBBINS BOBER
            FBN: 0156248